UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

———————————————————————

DEIRDRE N.[1] o/b/o M.D.W.,

               Plaintiff,

v.                                       1:21-CV-221 (JLS)

COMMISSIONER OF SOCIAL SECURITY,

               Defendant.

———————————————————————

*UNITED STATES DISTRICT COURT — FILED — MAY 22 2023 — MARY C. LOEWENGUTH, CLERK — WESTERN DISTRICT OF NY*

## DECISION and ORDER

Plaintiff Deirdre N. brought this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) of the Social Security Act, seeking review of the decision made by the Commissioner of the Social Security Administration finding that Claimant, a minor child, was not disabled. Dkt. 1. Plaintiff moved for judgment on the pleadings. Dkt. 7. The Commissioner responded and cross-moved for judgment on the pleadings, to which Plaintiff replied. Dkts. 8, 10. For the reasons below, the Court grants Plaintiff's motion and denies the Commissioner's cross motion.

## PROCEDURAL HISTORY

On May 20, 2019, Plaintiff applied for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, on Claimant's behalf. Tr. 53.[2] Plaintiff's

---

[1] Pursuant to the Western District of New York's November 18, 2020 Standing Order regarding the naming of plaintiffs in Social Security decisions, this decision and order identifies Plaintiff by first name and last initial.

[2] The filing at Dkt. 6 is the transcript of the proceedings before the Social Security Administration. All references to Dkt. 6 are hereby denoted "Tr. __."

application was initially denied, after which she timely requested a hearing before an Administrative Law Judge ("the ALJ"). On August 13, 2020, Plaintiff and Claimant appeared before the ALJ, Bryce Baird. Tr. 28-52. On August 18, 2020, ALJ Baird issued a written decision finding Claimant not disabled under the Social Security Act. Tr. 12-27. On December 17, 2020, the Appeals Council ("AC") denied Plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner. Tr. 1-6. Thereafter, Plaintiff timely sought judicial review in this Court.

## LEGAL STANDARDS

### I.    District Court Review

Judicial review of disability claims under the Act is limited to whether the Commissioner's decision is supported by substantial evidence and whether the correct legal standards were applied. *See* 42 U.S.C. § 405(g); *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013). The Commissioner's factual findings are conclusive when supported by substantial evidence. *See Biestek v. Berryhill*, 139 S. Ct. 1148, 1152 (2019). "Substantial evidence" is "more than a mere scintilla" and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks and citation omitted).

While the Court does not determine *de novo* whether the claimant is disabled, the Commissioner's conclusions of law are not given the same deferential standard of review. *See Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003). If there is a

2

reasonable doubt as to whether the ALJ applied the correct legal standards, then upholding the determination "creates an unacceptable risk that a claimant will be deprived of the right to have his disability determination made according to correct legal principles." *Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987); *see Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quoting *Cruz v. Sullivan*, 912 F.2d 8, 11 (2d Cir. 1990)) (holding that the Court's review for legal error ensures "that the claimant has had a full hearing under the . . . regulations and in accordance with the beneficent purposes of the . . . Act.").

## II.   Disability Determination

An individual under the age of eighteen is considered disabled within the meaning of the Act "if that individual has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C)(i). The Commissioner has set forth a three-step process to determine whether a child is disabled as defined under the Act. *See* 20 C.F.R. § 416.924.

At step one, the ALJ determines whether the child is engaged in substantial gainful work activity. 20 C.F.R. § 416.924(b). If so, the child is not disabled. *Id.* If not, the ALJ proceeds to step two and determines whether the child has a medically determinable impairment(s) that is "severe." *Id.* § 416.924(c). If the child does not have a severe impairment(s), he or she is not disabled. *Id.* If the child does have a severe impairment(s), the ALJ continues to step three and examines whether the

child's impairment(s) meets, medically equals, or functionally equals the listed impairments in Appendix 1 to Subpart P of Part 404 of the Commissioner's regulations (the "Listings"). *Id.* § 416.924(d).

In determining whether an impairment(s) functionally equals the Listings, the ALJ must assess the child's functioning in six domains: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for himself or herself; and (6) health and physical well-being. 20 C.F.R. § 416.926a(b)(1)(i)-(vi). To functionally equal the Listings, the child's impairment(s) must result in "marked" limitations in two domains or an "extreme" limitation in one domain. *Id.* § 416.926a(a). A child has a "marked" limitation when his or her impairment(s) "interferes seriously" with his or her ability to independently initiate, sustain, or complete activities. *Id.* § 416.926a(e)(2). A child has an "extreme" limitation when his or her impairment(s) "interferes very seriously" with his or her ability to independently initiate, sustain, or complete activities. *Id.* § 416.926a(e)(3).

If the child has an impairment(s) that meets, medically equals, or functionally equals the Listings, and the impairment(s) meets the Act's duration requirement, the ALJ will find the child disabled. 20 C.F.R. § 416.924(d).

## DISCUSSION

### I.   The ALJ's Decision

The ALJ made the following findings of fact and conclusions of law. Tr. 16-23. First, the ALJ found that Claimant was a school-age child on the date of

4

application and at the time of the hearing.  Tr. 16.  Second, the ALJ found that

Claimant had not engaged in substantial gainful activity since May 20, 2019.  *Id.*

Third, the ALJ found that Claimant had the severe impairments of speech delays

requiring speech therapy, motor deficits requiring occupational therapy, obesity,

asthma, sleep apnea and history of being tongue-tied with corrective surgery.  *Id.*

Fourth, the ALJ found that Claimant did not have an impairment that meets or

medically equals one of the listed impairments located in 20 C.F.R. Part 404,

Subpart P, Appendix. 1.  Tr. 17.  Fifth, the ALJ found that Claimant did not have

an impairment or combination of impairments that functionally equaled the

severity of the listings.  Tr. 18.  Lastly, the ALJ concluded that Claimant had not

been disabled since May 20, 2019.  Tr. 23.

## II.   Plaintiff's Arguments

Plaintiff makes two arguments in support of her motion for judgment on the

pleadings.  First, Plaintiff argues that the ALJ failed to consider whether Claimant

was disabled for a closed period.  Dkt. No. 7 at 11-16.  Second, Plaintiff argues that

the ALJ's conclusions related to Claimant's functioning in the domains were not

supported by substantial evidence.  *Id.* at 16-21.

The second argument is addressed below.  Because remand is required for a

proper analysis of Claimant's functioning in the domains, Plaintiff's first argument

need not be addressed.

## III.    Analysis

Plaintiff argues that the ALJ failed to provide meaningful analysis of the evidence in assessing Claimant's functioning in the domains, and evidence in the record supports greater limitations than assessed by the ALJ, is addressed below. Dkt. No. 7 at 16-21. Here, remand is necessary because the ALJ failed to evaluate limitations from Claimant's impairments in the domains and misstated evidence in the record. The limited analysis provided frustrates meaningful review.

The ALJ's conclusory analysis of the effects of Claimant's limitations in the various domains is inadequate and prevents meaningful review. In general, any given impairment may have effects in more than one domain; therefore, the ALJ is required to evaluate the limitations from Claimant's impairments in any affected domains. *See* 20 C.F.R. § 416.926a(c). Indeed, ALJs "must consider the particular effects of a child's impairment(s) on the child's activities in any and all of the domains that the child uses to do those activities, based on the evidence in the case record." SSR 09-1p, 2009 WL 396031, at *3. Although, "[a]n ALJ is not required to discuss in depth every piece of evidence contained in the record," the Court must be able to "glean the rationale of an ALJ's decision." *Cichocki v. Astrue*, 729 F.3d 172, 178 n.3 (2d Cir. 2013) (quoting *Mongeur v. Heckler,* 722 F.2d 1033, 1040 (2d Cir. 1983)).

Instead of providing an evaluation of the effect of Claimant's impairments in each functional domain, the ALJ concluded that Claimant had:

- no limitation in acquiring and using information;
- less than a marked limitation in attending and completing tasks;

6

- less than a marked limitation in interacting and relating with others;
- less than a marked limitation in moving about and manipulating objects;
- no limitation in the ability to care for himself/herself; and
- less than a marked limitation in health and physical well-being.

Tr. 19. The ALJ's bullet point conclusions prevent meaningful review.

To be sure, after providing his bullet point conclusions, the ALJ cited to portions of the record to support his general determinations of "less than marked" and "no" limitations. Tr. 19-20. However, the ALJ's narrative was inadequate to support his determinations because the ALJ failed to provide the required evaluation of Claimant's limitations in each affected domain. *See* 20 C.F.R. § 416.926a(c).

The ALJ stated that the record supported "less than marked" limitations in attending and completing tasks, relating with others, and moving about and manipulating objects due to Claimant's "speech and motor delays." Tr. 19. The ALJ concluded that Claimant's speech and language delays "improved after surgery and her ability to communicate is not limited, other than occasionally for people who do not know her." *Id.* In making his determination, the ALJ relied on Claimant's 2019 Individual Education Program ("IEP") reports, treatment, and Plaintiff's testimony. Tr. 19-20.

The ALJ concluded that Claimant had "no limitations" in the domains of acquiring and using information, caring for herself, and health and well-being. Tr. 20. The ALJ relied on record evidence that Claimant was not excluded from

physical education classes, Plaintiff's testimony that Claimant could care for her personal hygiene, and the administrative findings in the record. *Id.*

Although the ALJ cited evidence in the record to support his determinations, the ALJ's lack of analysis connecting this evidence to the specific nuances in the domains prevents meaningful review. *See Shaune H. o/b/o T.A.P. v. Comm'r of Soc. Sec.*, No. 1:21-CV-222, 2023 WL 1987992, at *3 (W.D.N.Y. Feb. 14, 2023) (ALJ's analysis of the functional domains was "woefully inadequate" where the ALJ provided bullet point conclusions and failed to specifically discuss or explain evidence in any domain); *see also Jenia W. o/b/o L.J.R. v. Comm'r of Soc. Sec.*, No. 20-CV-1303, 2022 WL 507345, at *4 (W.D.N.Y. Feb. 18, 2022) ("Although this Court must accept the ALJ's reasonable interpretation of evidence, the ALJ has not provided any explanation suggesting how a reasonable fact-finder could interpret the opinions and evidence of record as supportive of a less than marked, rather than marked, limitation in the domain of caring for oneself."); *see also Hicks v. Comm'r of Soc. Sec.*, No. 18-CV-467, 2020 WL 1061488, at *6 (W.D.N.Y. Mar. 5, 2020) ("This Court cannot say that the evidence in the record as a whole definitively supports marked limitations, but the ALJ failed to provide the requisite explanation to enable review of whether her finding in the domains was supported by substantial evidence.").

Accordingly, this Court cannot meaningfully review the ALJ's conclusions. *See* SSR 96-8p, 1996 WL 374184, at *7 (an ALJ's decision "must include a narrative discussion describing how the evidence supports each conclusion, citing specific

medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)."); *see also Jacob K. v. Comm'r of Soc. Sec.*, No. 20-CV-825, 2021 WL 4324379, at *5 (W.D.N.Y. Sept. 23, 2021) (The ALJ "must provide an accurate and logical bridge between the evidence and the conclusion that the claimant is not disabled, so that a reviewing court may assess the validity of the agency's ultimate findings and afford [the] claimant meaningful judicial review" (internal quotations omitted)).

Next, the limited analysis that the ALJ provided was insufficient because he selectively focused on portions of Plaintiff's testimony that supported his conclusion. *See Montanez v. Berryhill*, 334 F. Supp. 3d 562, 565 (W.D.N.Y. 2018) (internal citations omitted) ("While the ALJ is not obligated to 'reconcile explicitly every conflicting shred of medical testimony,' he cannot simply selectively choose evidence in the record that supports his conclusions."). In determining that Claimant had less than marked limitations in attending and completing tasks and relating with others, the ALJ relied almost exclusively on Plaintiff's testimony that Claimant's speech impairment improved after a surgery. Tr. 19. The ALJ concluded, without additional support from the record, that Plaintiff's testimony meant Claimant's "ability to communicate is not limited, other than occasionally for people who do not know her." Tr. 19.

The ALJ's error is twofold. First, the ALJ failed to assess Claimant's ability to communicate with others in the domains of attending and completing tasks and relating with others because he relied exclusively on Plaintiff's oral speech. Second,

9

the ALJ impermissibly concluded, without support from record evidence, that Claimant's surgery improved her speech quality to unknown listeners.

In general, a child needs both speech and language to communicate with others. SSR 09-5p, 2009 WL 396026, at *3. Speech is the production of sounds for the purpose of oral communication and language provides the message of communication. *Id.* Language involves understanding what is heard and read (receptive language) and expressing what one wants to say to others, either orally or in writing (expressive language). *Id.* Within age-appropriate expectations, a child must speak clearly enough to be understood, understand the message that another person is communicating, and formulate sentences well enough to convey a message. *Id.*

Indeed, based upon standardized testing measures, clinical observations, and professional judgment, Claimant met eligibility to receive speech-language therapy. Tr. 269-271. Not only did Claimant's impairment affect her ability to speak, but also her ability to use language. Due to Claimant's speech and language impairments, her IEP indicated anticipated affected areas of academic performance, noting Claimant may experience difficulty understanding new information, following directions, and learning new vocabulary. Tr. 270. Other areas of concerns identified in the IEP included decreased functional expressive language skills which may decrease her ability to respond to questions and participate in interactive learning situations. *Id.* The IEP noted delays in articulation that may have a negative influence on sound symbol relationships necessary for reading and

spelling. *Id.* Therefore, in his assessment of Claimant's speech and language impairment, the ALJ erred in focusing solely on Claimant's perceived ability to be understood by others.

Further, the ALJ erred in relying on his own lay interpretation of Plaintiff's testimony in concluding that surgery improved Claimant's speech impairment without support from any underlying objective medical evidence. The only evidence in the record concerning Claimant's tongue surgery consists of Plaintiff's hearing testimony. To be sure, where substantial evidence supports it, "an ALJ's credibility determination is generally entitled to deference on appeal." *Meyer v. Comm'r of Soc. Sec.*, 794 F. App'x 23, 26 (2d Cir. 2019) (citing *Selian v. Astrue*, 708 F.3d 409, 420 (2d Cir. 2013)); *see Aponte v. Sec'y, Dep't of Health & Human Servs. of the United States*, 728 F.2d 588, 591 (2d Cir. 1984) ("If the Secretary's findings are supported by substantial evidence, the court must uphold the ALJ's decision to discount a claimant's subjective complaints of pain.").[3] A review of the record fails to support the ALJ's adoption of Plaintiff's testimony concerning the effects of Claimant's tongue surgery.

Substantial evidence in the record does not support this adoption of Plaintiff's testimony; indeed, the record contains no evidence regarding surgery. Plaintiff testified that she, a known listener, noticed a difference in Claimant's speech after

---

[3] On March 28, 2016, SSR 16-3p superseded SSR 96-7p and eliminated the use of the term "credibility" as the regulations do not use the term. SSR 16-3P (S.S.A. Mar. 16, 2016).

tongue surgery, stating "she speaks more clearly now." Tr. 38. But, nothing in the record supports the ALJ's conclusion that Claimant's tongue surgery improved her speech to the point that she was no longer limited except for "occasional" circumstances with unknown listeners. Tr. 19. Further, as stated by Plaintiff, school was not in session at the time of the hearing, and she was unaware how the surgery would affect Claimant's school performance. Tr. 38. Therefore, the ALJ's conclusion, that surgery resulted in improvement, is not supported by the record and is based on the ALJ's own interpretation of Plaintiff's statement.

Although Plaintiff testified that Claimant had surgery on her tongue, the record does not contain any evidence of a surgery. On March 10, 2020, Claimant presented to her pediatrician with "possible tongue tie and difficulty sleeping." Tr. 528. The provider noted that he addressed concerns about tongue tie, and they would continue to monitor Claimant. Tr. 529. Treatment notes from a different provider, list "tonsils out" in January 2020 under Claimant's medical history; however, there is no report of surgery on the tongue. Tr. 428.

Therefore, remand is required for a proper analysis of the functional domains including a specific discussion of evidence in each applicable domain. Further, on remand, the record should be updated with evidence of Claimant's surgery and any additional information that may be beneficial in assessing the functional effects of Claimant's impairments.

Overall, the ALJ's failure to explain his reasoning in the various domains frustrates this Court's efforts to assess the validity of the ALJ's ultimate findings and does not afford an adequate basis for meaningful judicial review.

For the reasons stated above, the Court **GRANTS** Plaintiff's motion for judgment on the pleadings, to the extent Plaintiff seeks remand for further proceedings (Dkt. 7) and **DENIES** the Commissioner's cross-motion for judgment on the pleadings (Dkt. 8). The decision of the Commissioner is **VACATED**, and the matter is **REMANDED** for further administrative proceedings consistent with this decision.

SO ORDERED.

Dated:      May 22, 2023
            Buffalo, New York

_John L. Sinatra, Jr._

JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE